BRYAN SCHRODER
United States Attorney

ANDREA STEWARD
Assistant United States Attorney
LORI HENDRICKSON
Trial Attorney, Tax Division

Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: aunnie.steward@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:17-cr-00008-TMB |
| Plaintiff, | |
| | **PLEA AGREEMENT** |
| vs. | |
| ROSEANN L. DEMMERT, | |
| Defendant. | |

Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following counts of the Information in this case: Counts 3 and 4 - Willful Failure to Pay Income Tax, in violation of 26 U.S.C. § 7203. The United States will move to dismiss Counts 1 and 2 in exchange for defendant pleading guilty to Count 3, a violation of 26 U.S.C. § 7203 for calendar year 2013, and Count 4, violation of 26 U.S.C. § 7203 for calendar year 2014. The defendant agrees to pay $145,220 as restitution for tax loss for all four counts in the Information, for calendar years 2011, 2012, 2013 and 2014.

The United States reserves the right to argue that tax loss, for purposes of calculating defendant's Base Offense Level under the U.S. Sentencing Guidelines (U.S.S.G or Guidelines), includes all years from 2006 through 2014, which would total more than $336,079, but waives the right to include penalties and interest. The defendant agrees to have as a condition of supervised release that she come into compliance by paying all individual incomes taxes due through the date of this agreement. The United States agrees not to prosecute the defendant further for any other offense related to conduct known to the government that resulted in the charges contained in the Information.

The defendant will waive all rights to appeal the convictions and sentence imposed under this agreement, including restitution. The defendant will also waive all rights to

collaterally attack the convictions and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the pleas.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or withdraw her guilty pleas if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

1. The defendant agrees to plead guilty to Counts 3 and 4 of the Information charging Willful Failure to Pay Income Tax, a violation of 26 U.S.C. § 7203.

### B. Elements

The elements of the charges in Counts 3 and 4 to which the defendant is pleading guilty are as follows:

1. First, the defendant owed taxes at the end of calendar year 2013 (Count 3) and 2014 (Count 4);

2. Second, the defendant failed to timely pay the taxes owed by April 15, 2014 for Count 3 and by April 15, 2015 for Count 4, as required by Title 26 of the United States Code; and

3. Third, in failing to do so, the defendant acted willfully.

### C. Factual Basis

The defendant admits the truth of the allegations in Counts 3 and 4 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty pleas and for the imposition of the sentence:

The defendant, Roseanne Demmert, filed her individual income tax returns jointly with her husband, Archie Demmert, for each calendar year 2006 through 2014. All of her returns showed a tax due and owing. The defendant willfully failed to timely pay in full the taxes she knew were due and owing for the calendar years 2006 through 2009, and 2011 through 2014. The approximate tax loss for the year 2011 is $41,827, for 2012 is $29,735, for 2013 is $39,164, and for 2014 is $34,494, as charged in Counts 1-4, totals approximately $145,220, without penalties and interest. The tax loss for purposes of the U.S. Sentencing Commission Guideline's calculation from 2006 to 2014 is approximately $336,079, which does not include penalties and interest.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty pleas, are as follows For each count of 26 U.S.C. § 7203 (Willful Failure to Pay Income Tax):

  1) Not more than 1 year in prison;

  2) $100,000 fine;

3) One year supervised release; and

4) $25 special assessment.

2. **Other Matters Affecting Sentence**

   a. **Conditions affecting the defendant's sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution (these sections do not apply to Title 26)pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution as agreed by the parties in Section II.E.

   b. **Payment of Special Assessment**

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### E. Restitution

The defendant agrees that the Court will order restitution to the Internal Revenue Service to be determined at sentencing. Defendant agrees she owes at least $145,220.00, calculated as follows: The approximate tax loss for the year 2011 is $41,827, for 2012 is $29,735, for 2013 is $39,164, and for 2014 is $34,494, as charged in Counts 1-4. Defendant agrees to pay restitution for Counts 1 through 4, totaling approximately $145,220, without penalties and interest. Defendant agrees this restitution is owed, with jointly and severally liability, with co-defendants who may be convicted of the offenses alleged in Counts 3 and 4 of the Information. The defendant agrees this restitution is owed joint and several with her husband and co-defendant Archie Demmert, who is charged in Counts 3 and 4 of the Information. The defendant agrees that $71,562 of the restitution amount encompasses relevant conduct for Counts 1 and 2 of the Information, which is beyond the counts of conviction.

Defendant agrees that the total amount of restitution reflected in this agreement results from defendant's criminal conduct. Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement. Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately

US v. Roseann L. Demmert
1:17-cr-00008-TMB        Page 6 of 17

Case 1:17-cr-00008-TMB   Document 52   Filed 05/22/18   Page 6 of 17

enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4).

Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered.

Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest, and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

Defendant understands that she is not entitled to credit with the IRS for any payment until the payment is received by the IRS. If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional

financial information and financial statements provided to the probation office.

Defendant also agrees to provide the above-described information to the probation office.

Defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

United States District Court
222 W. 7th Ave.
Box 4, Rm. 229
Anchorage, AK 99513-7564

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, defendant will provide the following information:

1. Defendant's name and Social Security number;

2. The District Court and the docket number assigned to this case;

3. Tax year(s) or period(s) for which restitution has been ordered; and

4. A statement that the payment is being submitted pursuant to the District Court's restitution order.

Defendant agrees to include a request that the Clerk of the Court send the information, along with Defendant's payments, to the IRS address below:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the

sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with the terms of this plea agreement, including acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

#### 2. U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1(G)

The United States waives the right to include penalties and interest in the tax loss calculation but maintains the ability to argue for the tax loss total to include 2006 through 2009 and 2011 through 2014. The approximate total tax loss the United States will argue applies in this case is greater than $250,000 but less than $550,000.

### C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's Guidelines' range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the Guidelines' range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty pleas and the Court's acceptance of the defendant's pleas and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the investigation related to the charges brought in the Information in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty pleas or sentence are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms

of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that she waives any defense that the statute of limitations bars the prosecution of such reinstated charges.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial –

Case 1:17-cr-00008-TMB   Document 52   Filed 05/22/18   Page 11 of 17

- the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;
- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;
- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and
- The right to contest the validity of any searches conducted on the defendant's property or person.

**B.     Appellate Rights**

The defendant waives the right to appeal the convictions resulting from the entry of guilty pleas to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional [or legal] challenges to defendant's convictions and guilty pleas, including arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

By waiving these rights, the defendant understands that the convictions and sentence the Court imposes will be final. No other court will conduct appellate review of the convictions or the sentence.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting convictions and/or sentence, including under 28 U.S.C. § 2255, – including terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty pleas.

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

US v. Roseann L. Demmert
1:17-cr-00008-TMB                           Page 13 of 17

E. **Evidence Rule 410 and Fed. R. Crim. P. 11(f)**

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by her in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow, even if the defendant fails to enter a guilty plea pursuant to this agreement. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f).

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Roseann Demmert, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my pleas. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, the United States and I will jointly inform the Court in writing before I enter my guilty pleas.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under oath to answer questions about the offenses to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my pleas. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be

revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty pleas. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Counts 3 and 4 - Willful Failure to Pay Income Tax, in violation of 26 U.S.C. § 7203 of the Information.

DATED: 5-16-18

_____
ROSEANN DEMMERT
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the chargs to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 5/17/18    _____
PAUL GRANT
Attorney for Roseann Demmert

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 5/22/18    _____
BRYAN SCHRODER
United States of America
United States Attorney

1:17-cr-00008-TMB           Page 17 of 17

Case 1:17-cr-00008-TMB   Document 52   Filed 05/22/18   Page 17 of 17